IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER, | 1:12-cv-00467-JLT HC |
| Petitioner, | |
| vs. | |
| M. D. BITER, Warden, | <u>ORDER OF TRANSFER</u> |
| Respondent. | |
| _____ / | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

Careful review of the petition at issue reveals that Petitioner is challenging a 2000 conviction

1  imposed in Los Angeles County, which is in the Central District of California.¹ Therefore, the petition
2  should have been filed in the United States District Court for the Central District of California. In the
3  interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.
4  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). In a habeas matter,
5  venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d).
6  Where a petitioner attacks the execution of his sentence, the proper forum in which to review such a
7  claim is the district of confinement. See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989)(stating, in
8  a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district
9  where the prisoner is confined.")

10       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
11 District Court for the Central District of California.

13 IT IS SO ORDERED.

14 Dated: **April 11, 2012**             **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] In Grounds One and Two, Plaintiff refers to the "Parole Board" but review of the petition makes clear that he is referring to errors he claims occurred when the criminal trial court failed to give preclusive effect to the determinations made as a result of his 2000 parole revocation hearing. (Doc. 1 at 29-40)