UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. MILLER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M.D. BITER, Kern Valley State Prison Warden,<br><br>　　　　　Respondent. | Case No. CV 12-3258 R(JC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |

## I.   SUMMARY

On April 17, 2012, petitioner Michael A. Miller's Petition for Writ of Habeas Corpus (the "Current Federal Petition") was transferred to and filed in the Central District of California.[1]  The Current Federal Petition challenges a 2000 conviction in the Los Angeles County Superior Court (the "State Case" or "State Conviction") on multiple grounds.[2]  (Current Federal Petition at 6-7).  The Current Federal Petition reflects that petitioner has previously sought, and been denied federal habeas relief and a certificate of appealability relative to the State

---

[1] The Current Federal Petition was originally filed in the Eastern District of California on March 28, 2012.

[2] As the Order of Transfer reflects, although petitioner refers to the "Parole Board" in Grounds One and Two (Petition at 6), he is referring to errors he claims occurred when the criminal trial court failed to give preclusive effect to the determinations made as a result of his 2000 parole revocation hearing.  (Docket No. 6 at 2) (citing Petition at 29-40).

Conviction. (Current Federal Petition at 4-5).

Based on the record and the applicable law, the Current Federal Petition should be denied and this action should be dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.[3]

## II. PROCEDURAL HISTORY[4]

### A. State Court Conviction

On December 22, 2000, a Los Angeles County Superior Court jury found petitioner guilty of one count of corporal injury to a spouse, one count of assault by means likely to produce great bodily injury and one count of false imprisonment by violence in connection with the July 15, 2000 beating of petitioner's wife. The jury further found true allegations that petitioner's current convictions included a serious felony, and that petitioner had two prior serious or violent felony convictions withing the meaning of California's Three Strikes law. On July 25, 2001, the trial court sentenced petitioner to 25 years to life in state prison.

---

[3] In light of the pre-filing review ordered issued against petitioner by the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") in Case No. 10-80047, and the fact that the Ninth Circuit has denied petitioner leave to file a second or successive habeas corpus petition on multiple occasions (Ninth Circuit Case Nos. 09-72486, 09-72833, 10-80047), the Court refrains from directing the Clerk of the Court to forward the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

[4] The facts and procedural history set forth herein are derived from court records in multiple Ninth Circuit cases referenced in the text above and of which the Court takes judicial notice and from court records in the Central District of California in the following cases of which the Court takes judicial notice: (1) Michael A. Miller v. Leroy Baca, No. CV 01-1053 R(Mc) ("First Federal Action"); (2) Michael A. Miller v. CA Dept. Corrections, et al., No. CV 02-6406 R(Mc) ("Second Federal Action"); (3) Michael A. Miller v. Edward Alameda, No. CV 03-4206 R(Mc) ("Third Federal Action"); (4) Michael A. Miller v. Department of Corrections Director, et al., No. CV 04-9355 R(JC) (the "Fourth Federal Action"); and (5) Michael A. Miller v. State of California, et al., No. CV 09-4837 R(JC) ("Fifth Federal Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

### B.     First Federal Action

On December 5, 2001, petitioner filed in the Central District of California, a Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. 01-1053 R(Mc) ("First Federal Petition") challenging the State Conviction.  On January 8, 2002, judgment was entered dismissing the First Federal Petition without prejudice based on petitioner's failure to exhaust available state remedies.

### C.     Second Federal Action

On August 15, 2002, petitioner filed in the Central District of California, a second Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. 02-6406 R(Mc) ("Second Federal Petition") challenging the State Conviction. On April 14, 2003, judgment was once again entered dismissing the Second Federal Petition without prejudice based on petitioner's failure to exhaust available state remedies.

### D.     Third Federal Action

On June 13, 2003, petitioner filed in the Central District of California, a third Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. CV 03-4206 R(Mc) ("Third Federal Petition") challenging the State Conviction. On March 25, 2004, judgment was entered dismissing the Third Federal Petition without prejudice as a mixed petition.

### E.     Fourth Federal Action

On October 3, 2005, petitioner filed in the Central District of California, an operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. CV 04-9355 R(JC) ("Fourth Federal Petition").  The Fourth Federal Petition again challenged the State Conviction, asserting thirty-six (36) grounds for relief.  On July 25, 2007, the assigned Magistrate Judge issued a Report and Recommendation recommending that the Fourth Federal Petition be denied on the merits and that the Fourth Federal Action be dismissed with prejudice.  This Court adopted such Report and Recommendation, and judgment

was entered denying the Fourth Federal Petition and dismissing the Fourth Federal Action on August 27, 2007. On September 26, 2008, the Ninth Circuit denied petitioner's request for a certificate of appealability in Case No. 07-56360.

### F. Fifth Federal Action and Subsequent Ninth Circuit Actions

On July 7, 2009, a Petition for Writ of Habeas Corpus submitted by petitioner was transferred to and filed in the Central District of California in Case No. 09-4837 R(JC) ("Fifth Federal Petition").[5] The Fifth Federal Petition again challenged the State Conviction. On August 6, 2009, judgment was entered denying the Fifth Federal Petition and dismissing the Fifth Federal Action without prejudice because the Fifth Federal Petition was successive and the record did not reflect that petitioner had obtained authorization from the Ninth Circuit to file it.

On October 19, 2009, the Ninth Circuit denied petitioner leave to file a second or successive habeas corpus petition in the Central District of California in Case No. 09-72833.[6]

On May 19, 2010, in Case No. 10-80047, the Ninth Circuit entered a pre-filing order restricting petitioner's future pro se filings in the Ninth Circuit and directing petitioner to follow specified procedures relative to any such future filings. In the same case, the Ninth Circuit subsequently found that petitioner's application for permission to file a second or successive habeas corpus petition was so insubstantial as to not warrant further review and declined to permit it to proceed.

---

[5] The Fifth Federal Petition was originally filed in the Ninth Circuit in Case No. 09-71657 on June 1, 2009, and transferred to the Eastern District of California pursuant to Federal Rule of Appellate Procedure 22(a) on June 24, 2009. On July 6, 2009, the Eastern District of California ordered the matter transferred to the Central District of California.

[6] On September 15, 2009, the Ninth Circuit construed a Petition for Writ of Mandate filed by petitioner against the Eastern District of California, but involving a challenge to the conviction in the State Case in issue here, as an application for authorization to file a second or successive habeas petition and denied it in Case No. 09-72486.

1  On April 13, 2011, the Ninth Circuit denied petitioner's request for a
2  certificate of appealability in Case No. 09-56433.
3      **G.   Current Federal Petition**
4  As noted above, on April 17, 2012, the Current Federal Petition which again
5  challenges the State Conviction, was transferred to and filed in this Court. The
6  record does not reflect that petitioner has obtained authorization from the Ninth
7  Circuit to file the Current Federal Petition in District Court.[7]
8  **III.   DISCUSSION**
9  Before a habeas petitioner may file a second or successive petition in a
10 district court, he must apply to the appropriate court of appeals for an order
11 authorizing the district court to consider the application. Burton v. Stewart, 549
12 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision
13 "creates a 'gatekeeping' mechanism for the consideration of second or successive
14 applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also
15 Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing
16 applicable procedures in Ninth Circuit). A district court lacks jurisdiction to
17 consider the merits of a second or successive habeas petition in the absence of
18 proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270,
19 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664
20 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).
21 The court of appeals may authorize the filing of a second or successive
22 petition only if it determines that the petition makes a prima facie showing that at
23 least one claim within the petition satisfies the requirements of 28 U.S.C.
24 Section 2244(b), i.e., that a claim which was not presented in a prior application (1)
25 relies on a new rule of constitutional law, made retroactive to cases on collateral

---

[7] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

     A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Reyes, 276 F. Supp. 2d at 1029 (dismissal based on expiration of statute of limitations is adjudication of merits for purposes of determining whether subsequent petition is successive) (citations omitted).

     Petitioner's Fourth Federal Petition was dismissed on the merits. Accordingly, like the Fifth Federal Petition, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

///
///
///
///

**IV.  ORDER**

   IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.

DATED:   _April 26, 2012_

    _____
    HONORABLE MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE